

**Your Missouri Courts** — Search for Cases by: Select Search Method...

Judicial Links | eFiling | Help | Contact Us | Print                                                        Logon

**14SL-AC32189 - LESLIE J GLICK V ASSET ACCEPTANCE LLC (E-CASE)**

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ● Descending ○ Ascending            Display Options: All Entries

---

**02/04/2015**   **Entry of Appearance Filed**
Entry of Appearance; Electronic Filing Certificate of Service.
   **Filed By:** WILLIAM FRANCIS WHEALEN JR
   **On Behalf Of:** ASSET ACCEPTANCE LLC

**01/27/2015**   **Corporation Served**
Document ID - 14-ADSM-25491; Served To - ASSET ACCEPTANCE LLC; Server - ; Served Date - 15-JAN-15; Served Time - 12:44:06; Service Type - Special Process Server; Reason Description - Served
**Notice of Service**
Return of Service on Defendant Asset Acceptance.
   **Filed By:** RICHARD ANTHONY VOYTAS Jr.
   **On Behalf Of:** LESLIE J GLICK

**01/20/2015**   **Hearing Scheduled**
   Scheduled For: 02/18/2015;  9:00 AM ;  JUDY PREDDY DRAPER;  St Louis County
**Hearing Continued/Rescheduled**
   Hearing Continued From: 01/21/2015;  9:00 AM Hearing
**Motion for Continuance**
Plaintiff s Motion for Continuance.
   **Filed By:** RICHARD ANTHONY VOYTAS Jr.
   **On Behalf Of:** LESLIE J GLICK

**12/23/2014**   **Summons Issued-Associate**
Document ID: 14-ADSM-25491, for ASSET ACCEPTANCE LLC. Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service.
**Hearing Scheduled**
   Associated Entries:01/20/2015 - Hearing Continued/Rescheduled
   Scheduled For: 01/21/2015;  9:00 AM ;  JUDY PREDDY DRAPER;  St Louis County

**11/26/2014**   **Filing Info Sheet eFiling**
   **Filed By:** RICHARD ANTHONY VOYTAS Jr.
**Motion Special Process Server**
Request for Appointment of Special Process Server for Defendant Asset Acceptance, LLC.
   **Filed By:** RICHARD ANTHONY VOYTAS Jr.
   **On Behalf Of:** LESLIE J GLICK
**Pet Filed in Associate Ct**
Petition; Exhibit 1.
**Summ Req-Assc Pers Serv**
**Summ Req-Assc Pers Serv**
**Judge Assigned**

---

Case.net Version 5.13.7.0                         Return to Top of Page                       Released 01/07/2015

**EXHIBIT A**

2/13/2015



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JUDY PREDDY DRAPER | Case Number: 14SL-AC32189 |
| Plaintiff/Petitioner:<br>LESLIE J GLICK<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address:<br>RICHARD ANTHONY VOYTAS Jr.<br>1 NORTH TAYLOR AVENUE<br>SAINT LOUIS, MO 63108<br>(314) 932-1068 |
| Defendant/Respondent:<br>ASSET ACCEPTANCE LLC | Date, Time and Location of Court Appearance:<br>21-JAN-2015, 09:00 AM<br>DIVISION 41W |
| Nature of Suit:<br>AC Other Tort | ST LOUIS COUNTY COURT BUILDING<br>7900 CARONDELET AVE<br>CLAYTON, MO 63105 |

(Date File Stamp)

## Associate Division Summons

The State of Missouri to: ASSET ACCEPTANCE LLC
Alias:
221 BOLIVER STREET
CSC - LAWYERS INC SERVICE CO
JEFFERSON CITY, MO 65101

   You are summoned to appear before this court on the date, time, and location above to answer the attached petition. If you fail to do so, judgment by default will be taken against you for the relief demanded in the petition. You may be permitted to file certain responsive pleadings, pursuant to Chapter 517 RSMo. Should you have any questions regarding responsive pleadings in this case, you should consult an attorney.
   SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739 or TTY at 314-615-4567, at least three business days in advance of the court proceeding.

**COURT SEAL OF**
**ST. LOUIS COUNTY**

_____12/23/14_____       _____
         Date                              Clerk

Further Information:
SM

### Sheriff's or Server's Return
**Note to serving officer:** Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☐ other _____.
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____           _____
Printed Name of Sheriff or Server                     Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**
(Seal)     Subscribed and sworn to before me on _____ (date).
            My commission expires: _____    _____
                                                  Date                              Notary Public

**Sheriff's Fees, if applicable**
Summons                               $_____
Non Est                                   $_____
Sheriff's Deputy Salary
Supplemental Surcharge       $____10.00____
Mileage                                  $_____ (____ miles @ $._____ per mile)
Total                                      $_____
A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

IN THE CIRCUIT COURT OF
ST. LOUIS COUNTY, MISSOURI
ASSOCIATE DIVISION

| | |
|---|---|
| **LESLIE J. GLICK** ) | |
| ) | |
| Plaintiff, ) | |
| ) | Cause No. |
| v. ) | |
| ) | Division |
| **ASSET ACCEPTANCE, LLC** ) | |
| ) | |
| Serve at: ) | |
| CSC- Lawyers Incorporating Service Company ) | |
| 221 Bolivar Street ) | |
| Jefferson City, Missouri 65101 ) | |
| ) | |
| Defendant. ) | **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW Plaintiff, Leslie J. Glick, and for her Petition states as follows:

### INTRODUCTION

1. This is an action for statutory damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2. Plaintiff does not seek to invalidate or challenge the judgment entered against her in favor of Defendant. However, Plaintiff does seek to challenge Defendant's litigation misconduct, including but not limited to false representations about the validity and amount of the debt Plaintiff allegedly owed, that went unnoticed by the trial court as described more fully below.

3. Plaintiff demands a trial by jury on all issues so triable.

### JURISDICTION AND VENUE

1

4. This Court has jurisdiction over Plaintiff's FDCPA claims under 15 U.S.C. § 1692k(d) because Defendants' illicit conduct was directed at Plaintiff in St. Louis County. Venue is also appropriate in this Court for that reason.

## PARTIES

5. Plaintiff is a natural person currently residing in St. Louis County, Missouri. Plaintiff is a "consumer" within the meaning of the FDCPA.

6. The alleged debt Plaintiff owes arises out of consumer, family, and household transactions. Specifically, the debt arose from a personal credit card issued by Sears/Citibank.

7. Miller & Steeno, P.C. (the "Miller Firm") is a domestic professional corporation with its principal place of business in St. Louis, Missouri. The principal business purpose of the Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

8. Defendant Asset Acceptance ("Asset") is a foreign limited liability company with its principal place of business in Warren, Michigan. The principal business purpose of Defendant is the collection of debts in Missouri and nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

9. The Miller Firm is Asset's agent for purposes of collecting Plaintiff's debt.

10. Asset and the Miller Firm, upon information and belief, are parties to an agreement specifying that the Miller Firm is to provide collection services for Asset.

11. Defendant is engaged in the collection of debts from consumers using the mail and telephone. Defendant is a "debt collector" as defined by the FDCPA. 15 U.S.C. § 1692a(6).

## FACTS

12. Defendant's collection activity of which Plaintiff complains occurred within the previous twelve (12) months.

13. Defendant's relevant collection activity consisted of a lawsuit filed against Plaintiff.

14. On January 31, 2014, Defendant filed a lawsuit against Plaintiff in St. Louis County Associate Circuit Court, Cause No. 14SL-AC03377 ("Collection Suit"), a true and accurate copy of which is attached hereto as **Exhibit 1**.

15. The Collection Suit made, *inter alia*, the following allegations:

   a. That Midland was the assignee of the original creditor, Sears/Citibank;

   b. That there was an agreement between Sears/Citibank and Plaintiff; and

   c. That Sears/Citibank, and subsequently Defendant, made a demand for payment of the outstanding sum of $12,951.17, but Plaintiff has refused to pay.

16. Defendant failed to attach an affidavit from the original creditor substantiating its allegations in its Collection Suit; this is not in compliance with the requirements of CACH, LLC v. Askew, 358 S.W.3d 58, 63 (Mo. banc 2012).

17. Defendant did attach its own "affidavit of indebtedness."

18. Defendant's affidavit of indebtedness was made by *Defendant's* employee, not an employee of Plaintiff's original creditor.

19. Defendant's affidavit of indebtedness was therefore not made by anyone with personal knowledge about the debt, although Defendant falsely and deceptively claimed in the affidavit that it did have such personal knowledge.

3

20. Defendants did not attach any contract or agreement purportedly existing between the original creditor and Plaintiff to the Collection Suit.

21. Failing to attach the contract between the original creditor and Plaintiff is a violation of Mo. Rev. Stat. § 517.031 and constitutes an unfair collection tactic.

22. Additionally, Defendant failed to attach any records of assignment of Plaintiff's alleged debt from the original creditor to any subsequent creditors, including Defendant.

23. Defendant sued on Plaintiff's alleged debt without any way to substantiate the balance owed or even confirm that there was indeed a debt in the first place.

24. Defendant came to realize, after many years of suing consumers like Plaintiff, that the vast majority of debtors lacked the resources to come into court to defend Defendant's meritless and unsubstantiated debt collection lawsuits.

25. Defendant, as evidenced by the judgment it took against Plaintiff, lacked (1) valid proof of assignment from Plaintiff's original creditor and any subsequent debt purchasers to Defendant, (2) valid proof that the debt was even owed, and (3) the required contract needed to obtain judgment.

26. Defendant filed the Collection Suit intending to take advantage of Plaintiff's dire economic circumstances and unsophistication.

27. Defendant knew or should have known that Plaintiff would not have the resources to hire an attorney to decipher Defendant's bogus affidavit of indebtedness, and Defendant knew or should have known that Plaintiff could not decipher the bogus affidavit on her own.

28. Defendant filed the Collection Suit and took judgment against Plaintiff with full knowledge that Defendant lacked the evidence required in Missouri to prove (1) Defendant's standing to sue Plaintiff and (2) the amount and/or validity of the debt.

4

29. Defendant filed the Collection Suit and, in its Motion to Default Plaintiff, actively and falsely represented to the Court (via the bogus affidavit of indebtedness that Defendant did present to the Court) that Defendant had standing and sufficient proof as to the validity and amount of the debt.

30. But for these false representations, Defendant would not have obtained judgment against Plaintiff.

31. Plaintiff never entered into any agreement whereby she consented to arbitrate disputes between herself and Defendant.

32. Defendant's collection attempts have caused Plaintiff to incur actual damages including but not limited to anxiety, frustration, and worry.

### COUNT I: VIOLATION OF THE FDCPA

37. Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

38. In its attempts to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. § 1692 et seq., including, but not limited to, the following:

    a. Utilizing false, unfair, and misleading representations in connection with the collection of a debt; 15 U.S.C. § 1692d-e;

    b. Engaging in deceptive and harassing conduct in the collection of a debt, 15 U.S.C. § 1692d-f; and

    c. Defendant used unfair and unconscionable practices to attempt to collect the debt. 15 U.S.C. §1692f.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendant for:

    A. Judgment that Defendant's conduct violated the FDCPA;

B.    Actual damages;

C.    Release of the alleged debt;

D.    Statutory damages, costs, and reasonable attorney's fees pursuant to 15 U.S.C. § 1692(k); and

E.    For such other relief as the Court may deem just and proper.

VOYTAS & COMPANY

/s/ Richard A. Voytas, Jr.

---

Richard A. Voytas, Jr., #52046
Voytas & Company
1 North Taylor Ave.
St. Louis, Missouri 63108
Phone: (314) 932-1068

IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI
ASSOCIATE CIRCUIT JUDGE DIVISION

| | |
|---|---|
| CAVALRY SPV I, LLC<br>Plaintiff<br><br>vs.<br><br>LESLIE J GLICK<br>Serve at:<br>6638 WASHINGTON AVE, SAINT LOUIS MO<br>63130-4516<br><br>Defendant(s) | )<br>)<br>)<br>)<br>)   Case No. 13SL-AC40405<br>)<br>)   Division 43W<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**PETITION ON ACCOUNT STATED PURSUANT TO CHAPTER 517**

COMES NOW Plaintiff, CAVALRY SPV I, LLC, and for its cause of action against Defendant(s), LESLIE J GLICK, states and alleges as follows:

1. CAVALRY SPV I, LLC  is authorized to bring this action.

2. Defendant is a resident of ST. LOUIS County, Missouri.

3. HSBC BANK or their successor in interest sold and assigned all right, title and interest in credit account number ************2605 to the Plaintiff. Plaintiff is the owner of the account.

4. The defendant(s) became indebted to HSBC BANK through a transaction or a series of transactions.

5. HSBC BANK thereupon submitted to the defendant(s) a statement of result, showing a balance in their favor of $1,479.57, which defendant(s) accepted and in which defendant(s) acquiesced.

6. Defendant(s) impliedly agreed to pay said sum by retaining said statement without objection and thus assured said sum would be paid.

7. The statement represents a final adjustment of the respective demands of each upon the other as to the whole account and to all items thereon.

8. After giving Defendant all credits to which Defendant is entitled, there remains due and owing to Plaintiff from Defendant the sum of $1,479.57.

OFN 636714
CFN 17919521

YFN ************2605

9.  Plaintiff has made demand upon Defendant for payment but Defendant has failed and refused to satisfy this obligation.

WHEREFORE, as to each Count, Plaintiff requests the court enter judgment against the defendant(s) for $1,479.57, plus pre-petition interest in the amount of $155.40, post-petition interest at the statutory rate of 9%, plus court costs, and such other relief as is just and proper.

Respectfully submitted,

Christopher E. Pech #64403
Pech, Hughes & McDonald, PC
PO Box 698
Festus MO 63028
Tel: 319-362-3000
Tel: 866-795-6375
Fax: 319-362-3277
Email: missouri@phmlawoffice.com
Attorney for Plaintiff

ofn 636714

## AFFIDAVIT OF CLAIM

STATE OF NEW YORK )
) SS
COUNTY OF WESTCHESTER )

RE: Cavalry SPV I, LLC, as assignee of HSBC Bank/Capital One/BEST BUY CO., INC.

ORIGINAL

vs.
LESLIE J GLICK

I, Debra Morello, being duly sworn on oath, depose and say:

1. I am an agent and duly authorized representative for Plaintiff and am competent to testify to the matters set forth herein.

2. I am acting in the capacity of Legal Administrator for my employer Cavalry Portfolio Services LLC, a Delaware limited liability company. Cavalry Portfolio Services, LLC performs recovery services for its affiliate, Cavalry SPV I, LLC. In performing recovery services for Cavalry SPV I, LLC, I am familiar with and have access to the books and records of Cavalry SPV I, LLC and of Cavalry Portfolio Services, LLC.

3. That the defendant, LESLIE J GLICK, the account holder(s), opened an account with HSBC Bank/Capital One/BEST BUY CO., INC. on 3/7/2004, which account became delinquent and was charged off on 2/29/2012 (the "Account").

4. As of 10/14/2013, the balance due and owing by the account holder(s) on the account was $1,634.97, which balance is comprised of $1,479.57 of principal balance and $155.40 + $.00 + $.00 of other charges. The account holder(s) have been credited for all payments, set-offs or other credits due.

5. That the Account was purchased by Cavalry SPV I, LLC on or about 8/16/2012.

6. In the normal course of business, Cavalry Portfolio Services, LLC maintains computerized account records for account holders. Cavalry Portfolio Services, LLC maintains such records in the ordinary and routine course of business and is charged with the duty to accurately record any business act, condition or event onto the computer record maintained for the accounts, with the entries made at or very near the time of any such occurrence. I have reviewed the applicable computer record as it relates to the Account, and I make this Affidavit based upon information from that review, and if called as a witness, I could testify to the matters set forth herein based on that review.

7. In connection with the purchase of the account, HSBC Bank/Capital One/BEST BUY CO., INC. transferred copies of its electronic business records to Cavalry SPV I, LLC, which records were loaded into the computer system of Cavalry Portfolio Services, LLC and which are maintained in an electronic format.

8. Upon information and belief, no Defendant is an infant or incompetent or an active member of the United States Armed Forces who would be entitled to stay relief.

9. Under oath, I am authorized to make this affidavit for Plaintiff and I am informed and believe the above statements are true and correct.

Subscribed and sworn to before me on 11/8/2013

_____
Legal Administrator

_____
Notary Public, State of New York

Pech, Hughes, and McDonald
17919521

Dawn M Fanning
Notary Public - State of New York
No. 01FA6091579
Qualified in Westchester County
Commission Expires April 28, 2015

Electronically Filed - St Louis County - November 26, 2014 - 03:49 PM

# AFFIDAVIT OF IDENTITY AND REGARDING MILITARY SERVICE

    I state that LESLIE J GLICK is/are not an active member of the Military Forces of the United States Government as the undersigned or fellow employee verified same by checking the Defense Manpower Data Center (DMDC) website

    I certify under penalty of perjury and pursuant to the laws of the State of Iowa that the preceding is true and correct.

Date: November 26, 2013

_____
Affiant   Katie Glenn

OFN 636714            YFN ************2605     CFN 17919521

Electronically Filed - St Louis County - November 26, 2014 - 03:49 PM

Department of Defense Manpower Data Center

Results as of : Nov-27-2013 06:19:30
SCRA 3.0



### Status Report
### Pursuant to Servicemembers Civil Relief Act

Last Name: **GLICK**
First Name: **LESLIE J**
Middle Name:
Active Duty Status As Of: **Nov-27-2013**

| On Active Duty On Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects the individuals' active duty status based on the Active Duty Status Date | | | |

| Left Active Duty Within 367 Days of Active Duty Status Date | | | |
|---|---|---|---|
| Active Duty Start Date | Active Duty End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects where the individual left active duty status within 367 days preceding the Active Duty Status Date | | | |

| The Member or His/Her Unit Was Notified of a Future Call-Up to Active Duty on Active Duty Status Date | | | |
|---|---|---|---|
| Order Notification Start Date | Order Notification End Date | Status | Service Component |
| NA | NA | No | NA |
| This response reflects whether the individual or his/her unit has received early notification to report for active duty | | | |

Upon searching the data banks of the Department of Defense Manpower Data Center, based on the information that you provided, the above is the status of the individual on the active duty status date as to all branches of the Uniformed Services (Army, Navy, Marine Corps, Air Force, NOAA, Public Health, and Coast Guard). This status includes information on a Servicemember or his/her unit receiving notification of future orders to report for Active Duty. HOWEVER, WITHOUT A SOCIAL SECURITY NUMBER, THE DEPARTMENT OF DEFENSE MANPOWER DATA CENTER CANNOT AUTHORITATIVELY ASSERT THAT THIS IS THE SAME INDIVIDUAL THAT YOUR QUERY REFERS TO. NAME AND DATE OF BIRTH ALONE DO NOT UNIQUELY IDENTIFY AN INDIVIDUAL.

*Mary M. Snavely-Dixon*

Mary M. Snavely-Dixon, Director
Department of Defense - Manpower Data Center
4800 Mark Center Drive, Suite 04E25
Arlington, VA 22350

Electronically Filed - St Louis County - November 26, 2014 - 03:49 PM

The Defense Manpower Data Center (DMDC) is an organization of the Department of Defense (DoD) that maintains the Defense Enrollment and Eligibility Reporting System (DEERS) database which is the official source of data on eligibility for military medical care and other eligibility systems.

The DoD strongly supports the enforcement of the Servicemembers Civil Relief Act (50 USC App. § 501 et seq, as amended) (SCRA) (formerly known as the Soldiers' and Sailors' Civil Relief Act of 1940). DMDC has issued hundreds of thousands of "does not possess any information indicating that the individual is currently on active duty" responses, and has experienced only a small error rate. In the event the individual referenced above, or any family member, friend, or representative asserts in any manner that the individual was on active duty for the active duty status date, or is otherwise entitled to the protections of the SCRA, you are strongly encouraged to obtain further verification of the person's status by contacting that person's Service via the "defenselink.mil" URL: http://www.defenselink.mil/faq/pis/PC09SLDR.html. If you have evidence the person was on active duty for the active duty status date and you fail to obtain this additional Service verification, punitive provisions of the SCRA may be invoked against you. See 50 USC App. § 521(c).

This response reflects the following information: (1) The individual's Active Duty status on the Active Duty Status Date (2) Whether the individual left Active Duty status within 367 days preceding the Active Duty Status Date (3) Whether the individual or his/her unit received early notification to report for active duty on the Active Duty Status Date.

## More information on "Active Duty Status"

Active duty status as reported in this certificate is defined in accordance with 10 USC § 101(d) (1). Prior to 2010 only some of the active duty periods less than 30 consecutive days in length were available. In the case of a member of the National Guard, this includes service under a call to active service authorized by the President or the Secretary of Defense under 32 USC § 502(f) for purposes of responding to a national emergency declared by the President and supported by Federal funds. All Active Guard Reserve (AGR) members must be assigned against an authorized mobilization position in the unit they support. This includes Navy Training and Administration of the Reserves (TARs), Marine Corps Active Reserve (ARs) and Coast Guard Reserve Program Administrator (RPAs). Active Duty status also applies to a Uniformed Service member who is an active duty commissioned officer of the U.S. Public Health Service or the National Oceanic and Atmospheric Administration (NOAA Commissioned Corps).

## Coverage Under the SCRA is Broader in Some Cases

Coverage under the SCRA is broader in some cases and includes some categories of persons on active duty for purposes of the SCRA who would not be reported as on Active Duty under this certificate. SCRA protections are for Title 10 and Title 14 active duty records for all the Uniformed Services periods. Title 32 periods of Active Duty are not covered by SCRA, as defined in accordance with 10 USC § 101(d)(1).

Many times orders are amended to extend the period of active duty, which would extend SCRA protections. Persons seeking to rely on this website certification should check to make sure the orders on which SCRA protections are based have not been amended to extend the inclusive dates of service. Furthermore, some protections of the SCRA may extend to persons who have received orders to report for active duty or to be inducted, but who have not actually begun active duty or actually reported for induction. The Last Date on Active Duty entry is important because a number of protections of the SCRA extend beyond the last dates of active duty.

Those who could rely on this certificate are urged to seek qualified legal counsel to ensure that all rights guaranteed to Service members under the SCRA are protected

WARNING: This certificate was provided based on a last name, SSN/date of birth, and active duty status date provided by the requester. Providing erroneous information will cause an erroneous certificate to be provided.

## Certificate ID: I5ZE14DEZ0D5710