**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**SOUTHEASTERN DIVISION**

| | | |
|---|---|---|
| **LESLIE GLICK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 4:15CV291 SNLJ** |
| | ) | |
| **ASSET ACCEPTANCE, LLC,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM and ORDER

Plaintiff Leslie Glick brought this lawsuit against defendant Asset Acceptance, LLC, under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). On January 31, 2014, defendant Asset Acceptance filed a lawsuit against plaintiff in St. Louis County Associate Circuit Court, No. 14SL-AC03377 ("Collection Suit"). The Collection Suit alleged that plaintiff owed an alleged credit card debt to Sears/Citibank, that Sears/Citibank and subsequently Asset Acceptance made a demand for the outstanding balance of $12,951.17, but plaintiff had refused to pay.[1] Plaintiff alleges that the defendant lacked proof of assignment of the debt, proof that the debt was even owed, and the required contract needed to obtain judgment. Further, plaintiff alleges that defendant obtained a default judgment against plaintiff in the Collection Suit by falsely

---

[1] The Complaint (#4) as filed on this Court's docket sheet does not include the exhibits. The Notice of Removal (#1) does appear to include the exhibits to the Complaint. The Complaint identifies a company called "Midland" as the assignee of the Sears/Citibank, but it attaches a St. Louis Circuit Court petition that shows "Cavalry SPV I, LLC" as the plaintiff that sued Glick in the underlying "Collection Suit." Regardless, this Court will assume that these are errors and that Asset Acceptance filed the underlying Collection Suit. Defendant appears to have noted these errors and attached the actual underlying petition to its Motion to Dismiss Memorandum (#9).

representing to the court that it had standing and proof as to the validity and the amount of the debt. Plaintiff filed this lawsuit against Asset Acceptance in state court and claimed that defendant's use of false, unfair, and misleading representations in connection with collecting a debt, the deceptive and harassing conduct in collection of a debt, and unfair and unconscionable practices to attempt to collect the debt were all in violation of the FDCPA.

Defendant removed this action to this Court based on federal question jurisdiction, 28 U.S.C. § 1331. Defendant has now moved to dismiss this case (#8). Plaintiff has moved to remand (#10) and also to stay briefing on the motion to dismiss (#11) until the motion to remand is considered.

"Removal based on federal question jurisdiction is governed by the well pleaded complaint rule: jurisdiction is established only if a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Pet Quarters, Inc. v. Depository Trust and Clearing Corp*., 559 F.3d 772, 778 (8th Cir. 2009). The plaintiff explicitly brings her claim under the FDCPA, which is a federal law and therefore indubitably subjects this case to federal jurisdiction under the Court's federal question subject matter jurisdiction, 28 U.S.C. § 1331. Therefore, removal was proper under 28 U.S.C. § 1441(a). The Court will deny the motion to remand and deny the motion to stay as moot. Plaintiff shall respond to the motion to dismiss no later than May 15, 2015. Defendant shall have until May 22, 2015 to file a reply memorandum, if any.

Accordingly,

IT IS HEREBY ORDERED that the plaintiff's motion to remand is DENIED.

IT IS FURTHER ORDERED that the plaintiff's motion to stay briefing on the motion to dismiss is DENIED as moot.

IT IS FINALLY ORDERED that the parties shall finish briefing the motion to dismiss as provided herein.

Dated this __1st__ day of May, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE